IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL COLE, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3197 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, Director, | ) | MEMORANDUM AND ORDER |
| Nebraska Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the court is a petition for writ of habeas corpus. The petition has been signed , and the petitioner has verified under penalty of perjury that the information therein is true and correct.

The court has conducted an initial review of the habeas corpus petition, (filing no. 1), to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable federal habeas claims.

Condensed and summarized for clarity, the petitioner has raised the following four claims:

    Claim One:    The petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea because, due to the ineffective representation provided by petitioner's counsel, the petitioner did not understand that the sentencing judge was not bound by the terms of the plea agreement and could

|   |   |
|---|---|
|   | impose a sentence exceeding the terms of that agreement. |
| Claim Two: | The petitioner's conviction was obtained as a result of ineffective assistance of counsel because counsel did not properly and adequately prepare the case, and failed to file motions to suppress statements or advise the petitioner of all possible defenses and trial strategies. |
| Claim Three: | The petitioner's conviction was obtained as a result of ineffective assistance of counsel because petitioner's counsel had a "conflict of interest" arising out of counsel's relationship with the alleged victim and the alleged victim's girlfriend. |
| Claim Four: | The petitioner was denied due process of law because the trial and sentencing judge was debilitated by illness and incoherent. |

Liberally construed, the court preliminarily decides that all the claims are potentially cognizable federal habeas claims. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner seeks the appointment of counsel. (Filing 1, ¶ 24.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed *unless* the case is unusually complex or the petitioner's ability to investigate and

articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

IT IS ORDERED that:

(1) Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that the following claims are potentially cognizable federal habeas claims:

Claim One: The petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea because, due to the ineffective representation provided by petitioner's counsel, the petitioner did not understand that the sentencing judge was not bound by the terms of the plea agreement and could impose a sentence exceeding the terms of that agreement.

Claim Two: The petitioner's conviction was obtained as a result of ineffective assistance of counsel because counsel did not properly and adequately prepare the case, and failed to file motions to suppress statements or advise the petitioner of all possible defenses and trial strategies.

Claim Three: The petitioner's conviction was obtained as a result of ineffective assistance of counsel because petitioner's counsel had a "conflict of interest" arising out of counsel's relationship with the alleged victim and the alleged victim's girlfriend.

Claim Four: The petitioner was denied due process of law because the trial and sentencing judge was debilitated by illness and incoherent.

(2) Petitioner's request for the appointment of counsel, (filing no. 1, ¶ 24), is denied without prejudice to reassertion.

(3) The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

(4) By November 15, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 15, 2007–respondent's deadline for filing a summary judgment motion or answer.

(5) If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court

4

        requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions including the release of the petitioner.

(6)    If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

    A.    No later than 30 days after the filing of the answer, respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g., Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.*

  B. The answer shall be supported by <u>all</u> state court records which are relevant to the cognizable claims. *See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.* Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

  C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner, *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

  E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(7) No discovery shall undertaken without leave of the court. *See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.*

Dated October 1, 2007.

       BY THE COURT

       s/ Warren K. Urbom
       United States Senior District Judge