IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL COLE, | ) | 4:07CV3197 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, | ) | |
| Nebraska Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 7.) In support of his Motion, Respondent filed relevant state court records. (Filing No. 8, Attach. 1; Filing No. 9, Attach. 1.) Petitioner Michael Cole ("Cole") timely filed an Opposition to Respondent's Motion for Summary Judgment. (Filing No. 10.)

Liberally construing the allegations of Cole's Petition for Writ of Habeas Corpus ("Petition"), Cole argues that his Petition should be granted because:

1.  Petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea because, due to the ineffective representation provided by his counsel, Petitioner did not understand that the sentencing judge was not bound by the terms of the plea agreement and could impose a sentence exceeding the terms of that agreement. (Filing No. 1 at CM/ECF p. 5.)

2.  Petitioner's conviction was obtained as a result of ineffective assistance of counsel because counsel did not properly and adequately prepare the case, and failed to file motions to suppress statements or advise

> Petitioner of all possible defenses and trial strategies. (*Id.* at CM/ECF p. 6.)

3. Petitioner's conviction was obtained as a result of ineffective assistance of counsel because Petitioner's counsel had a "conflict of interest" arising out of counsel's relationship with the alleged victim and the alleged victim's girlfriend. (*Id.*)

4. Petitioner was denied due process of law because the trial and sentencing judge was debilitated by illness and incoherent. (*Id.*)

## I. BACKGROUND

On August 23, 2002, Cole pled no contest to one count of Attempted First Degree Assault, one count of Assault on a Police Officer, and one count of Use of a Deadly Weapon to Commit a Felony in the Douglas County, Nebraska District Court. (Filing No. 8, Attach. 1, at CM/ECF pp. 1, 22.[1]) On October 11, 2002, Cole was sentenced to serve four to five years on the Attempted First Degree Assault charge, 10 to 15 years on the Assault on a Police Officer charge, and 10 to 15 years on the Use of a Deadly Weapon charge. (*Id.* at CM/ECF pp. 1-2.)

Cole filed a direct appeal of his conviction and sentence. (*Id.* at CM/ECF p. 3.) Cole's appellate counsel[2] sought three extensions of time to file the appellate brief, all of which were granted by the Nebraska Court of Appeals. (Filing No. 9, Attach. 1, at CM/ECF pp. 1-2.) However, Cole's appellate counsel never filed an appellate brief and Cole's appeal was deemed defaulted. (*Id.* at CM/ECF p. 2.) The

---

[1] The court requests that, in the future, Respondent and his counsel cite to the CM/ECF page number of the state court records rather than exhibit numbers.

[2] Cole's trial counsel appears to be different from his appellate counsel.

Nebraska Court of Appeals dismissed Cole's direct appeal "for failure to file briefs" on June 27, 2003. (*Id.*) No other action was taken in Cole's direct appeal.

Cole filed a Verified Motion for Postconviction Relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska on November 30, 2004. (Filing No. 8, Attach. 1, at CM/ECF pp. 50-62.) As a result of the Post Conviction Motion, Cole was granted a new direct appeal, which Petitioner filed. (Filing No. 9, Attach. 1, at CM/ECF pp. 1-2.) The Nebraska Court of Appeals affirmed Petitioner's conviction and sentence on July 27, 2006. (Filing No. 8, Attach. 1, at CM/ECF pp. 22-32.) Petitioner timely filed a petition for further review with the Nebraska Supreme Court, which was overruled on September 20, 2006. (Filing No. 9, Attach. 1, at CM/ECF p. 2.)

On July 30, 2007, Cole filed his Petition in this court. (Filing No. 1.) Respondent thereafter filed a Motion for Summary Judgment and supporting documents. (Filing Nos. 7-9.) In his Motion, Respondent argues that Cole's Petition is barred by the relevant statute of limitations. (Filing Nos. 7-8.) In opposition, Cole states that his failure to file his Petition within one year should be excused as a result of his successful Post Conviction Motion. (Filing No. 10.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In particular, the AEDPA states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Therefore, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

  A judgment is final, "for these purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (internal citations and quotations omitted). The United States Supreme Court requires that a petition for writ of certiorari be filed within "ninety days from the date of entry of judgment in a state court of last resort." *Id.*; *see*

*also* Sup. Ct. R. 13(1). The calculation of the 90-day period runs from the date of entry of the judgment for which the writ of certiorari is sought, "and not from the issuance date of the mandate." Sup. Ct. R. 13(3). As recently set forth by the Eighth Circuit, a petitioner under 28 U.S.C. § 2244(d) is entitled to "the benefit of the ninety-day period for seeking a writ of certiorari" even if he does not seek further review from the applicable state's highest court. *Pierson v. Dormire*, 484 F.3d 486, 489-90 (8th Cir. 2007).

Further, in calculating the one-year period under the AEDPA, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts." *Painter v. Iowa*, 247 F.3d 1255, 2356 (8th Cir. 2001). Stated another way, while the federal statute of limitations is tolled while an application for post-conviction relief is pending, the statute of limitations is not tolled during the period *after* the conclusion of direct review and *before* commencement of state post-conviction proceedings. *Id.*; *see also Curtiss*, 338 F.3d at 853-55. In addition, when a new direct appeal is granted as a result of post-conviction proceedings, that "new direct appeal does not constitute direct review for AEDPA purposes" and "the new direct appeal does not reverse the clock." *O'Neal v. Kenny*, 501 F.3d 969, 971 (8th Cir. 2007).

Here, Cole filed a direct appeal of his conviction and sentence but his direct appeal was defaulted and dismissed after his counsel failed to file a brief on his behalf. (Filing No. 9, Attach. 1, at CM/ECF pp. 1-2.) Cole's judgment was therefore final 90 days after the date of entry of the judgment on appeal, or September 25, 2002. Absent any tolling, Cole's Petition must have been filed within one year, or no later than September 25, 2003. Cole filed his Petition in this court on July 30, 2007, long after the September 25, 2003 deadline. (Filing No. 1.) In addition, although Cole sought state postconviction relief, his Post Conviction Motion was not filed until November 30, 2004, more than a year after the September 25, 2003 deadline. (Filing No. 8, Attach. 1, at CM/ECF pp. 50-62.) Therefore, the statute of limitations had

5

already expired prior to the filing of Cole's Post Conviction Motion and it has no impact on whether Cole's Petition was timely submitted.

Further, the fact the Cole was granted a new direct appeal as a result of his Post Conviction Motion also has no impact on the timeliness of Cole's Petition. As recently set forth by the Eighth Circuit in *O'Neal*, Cole's new direct appeal did not restart the AEDPA clock. Instead, Cole was "place[d] on a new appellate path" rather than "getting his previous appeal reinstated." *O'Neal*, 501 F.3d at 971. Cole's new direct appeal does not excuse his failure to timely file his Petition. Absent equitable tolling, Cole's Petition is barred by the AEDPA's statute of limitations.

Cole requests that the court invoke its discretion to equitably toll the statute of limitations because of the "extraordinary circumstances" relating to Petitioner's counsel failing to file briefs on direct appeal. (Filing No. 10 at CM/ECF pp. 1-2.) It is true that federal courts may equitably toll the AEDPA's statute of limitations "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing cases and stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). However, where the "narrow grounds upon which [] state postconviction relief" is granted are "rooted exclusively in Nebraska law," such situations do "not ordinarily justify the application of the doctrine of equitable tolling." *O'Neal*, 501 F.3d at 971 (noting that where direct appeal was dismissed due to a filing error by appellate counsel and a new appeal was later granted pursuant to post conviction proceedings, equitable tolling of AEDPA's statute of limitations in not appropriate). In light of *O'Neal* and after reviewing the record in this matter, the court finds that equitable

tolling is not appropriate here.[3] Cole's Petition is therefore time-barred and must be dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Michael Cole's Petition for Writ of Habeas Corpus is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this memorandum and order.

Dated March 28, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[3] Although the court makes no specific finding on the merits of Petitioner's claims, the court has carefully examined the record in this matter to determine whether the Petition would be successful if Petitioner was given the benefit of equitable tolling. Even if equitable tolling was applied here, the claims presented are either wholly unexhausted (and procedurally defaulted) or would fail as a result of the deference the court must give to the Nebraska Court of Appeals decision. Therefore, the court sees no reason for granting equitable tolling where further proceedings would be futile.